CELLU–BEEP, INC. City Cellular, Inc. Medina Communications, Inc. AM Total Comm, Inc. Plaintiffs

v.

TELECORP., INC. d/b/a Suncom Defendant

No. CIV. 03–1554CCC.

United States District Court, D. Puerto Rico.

Jan. 27, 2004.

Arlene R. Perez-Borrero, James W. McCartney, Cancio, Nadal, Rivera & Diaz, San Juan, PR, for Plaintiffs.

Jaime E. Toro–Monserrate, Laura R. Dominguez–Llerandi, Toro, Colon, Mullet, Rivera & Sifre, PSC, San Juan, PR, for Defendant.

**OPINION AND ORDER**

CEREZO, District Judge.

Plaintiffs Cellu–Beep, Inc., City Cellular, Inc., Medina Communications, Inc. and AM Total Comm, Inc., four retailers and distributors of wireless telephone equipment, filed this action against defendant Telecorp Communications, Inc. (Telecorp) claiming violations of the federal antitrust laws, Puerto Rico's Dealer's Act (10 L.P.R.A. § 278 *et. seq.*) and Sales Representatives' Act (10 L.P.R.A. §§ 279–279h), as well as breach of contract. Before the Court now are the Motion to Dismiss filed by Telecorp on August 25, 2003 (**docket entry 3**), plaintiffs' opposition filed on October 17, 2003 (**docket entry 13**), and defendant's reply tendered on November 4, 2003, which is ORDERED FILED.[1]

It appears from the allegations of the complaint that at different times during 1999 and 2000 the four plaintiffs entered into Retailer Agreements with Telecorp for the distribution of wireless telephones. Telecorp's core contention in support of dismissal is that as all these Retailer Agreements contain valid clauses requiring that any claims arising out or related to them be submitted first to mediation and, if this proved unsuccessful, to arbitration, said clauses shall be enforced and this action dismissed. Plaintiffs aver, however, that they should not be compelled to comply with the Agreements' arbitration clauses as these were not freely negotiated by them and that, in any event, some of the claims raised in the complaint are not covered by the arbitration requirement.

All the Retailer Agreements at issue in this case contain the following arbitration clause:

---

1. Accordingly, the Motion for Leave to Exceed Ten Page Limit filed by defendant Telecorp on November 4, 2003 (**docket entry 20**), considered also as a request for leave to file a reply brief under Local Civil Rule 7(c), is GRANTED.

Any controversy or claim arising out of or relating to this Agreement (including, without limitation, the interpretation of contract language, the applicable law, the breach, termination or renewal thereof) will first be attempted to be resolved amicably by the parties hereto in good-faith negotiations. Any dispute which the parties have been unable to resolve amicably will be referred to non-binding mediation before a mutually agreed certified mediator.... Any dispute which the parties have been unable to resolve in mediation, will then be settled by arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. Sec. 1 et. seq., in accordance with the Commercial Arbitration Rules of the American Arbitration Association.... Retailer acknowledges that this agreement concerning alternatives to dispute resolution is an essential part of this Agreement and on which TeleCorp has substantially relied upon entering into this Agreement.

Two of the retailer agreements contain the following additional language in their arbitration clauses:

The parties expressly agree that this agreement to arbitrate disputes is freely, voluntarily and willingly entered into and accepted by each party as part of the negotiation of this Agreement. The parties further acknowledge that the inclusion of this provision in the Agreement was voluntarily agreed and subscribed by both parties. Retailer further acknowledges that it has had the opportunity to consult with counsel as to whether or not to agree to arbitration and has received consideration for agreeing to arbitrate.

■ Where "there is an agreement to arbitrate, the F[ederal] A[rbitration] A[ct] (FAA)] reflects a strong, well-established, and widely recognized federal policy in favor of arbitration." *Vimar Seguros Y Reaseguros, S.A. v. M/V SKY REEFER,* 29 F.3d 727, 730 (1st Cir.1994). Thus, any analysis of a party's challenge to the enforcement of an arbitration agreement must begin by recognizing the FAA's strong policy in favor of rigorously enforcing arbitration agreements. *KKW Enterprises v. Gloria Jean's Gourmet Coffees,* 184 F.3d 42, 49 (1st Cir.1999). Section 4 of the FAA requires that a court, "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, ... shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

■ Plaintiffs have challenged the arbitration clause of their agreements by claiming that they "were not permitted to negotiate any of the terms of the Retailer Agreement—the entire Agreement was drafted by Defendant, with no input whatsoever by the plaintiffs." Opposition (**docket entry 13**), at p. 4. In essence, what plaintiffs are claiming is that the agreements constituted contracts of adhesion. But adhesion does not imply nullity of a contract, for if the wording of the contract is explicit and its language is clear, its terms and conditions are binding on the parties. *Nieves v. Intercontinental Life Ins. Co. of P.R.,* 964 F.2d 60, 63 (1st Cir.1992). *See also Cooperativa de Ahorro v. Oquendo Camacho,* 2003 J.T.S. 31, at p. 606. Given the circumstances before us, where the arbitration clause contained in the Retailer Agreements is pretty explicit and its language plainly obvious, we see no reason why it should not be enforced even if they are considered as contracts of adhesion.

■■ To be sure, the FAA does not prohibit judicial relief from arbitration contracts which are shown to result from

fraud or enormous economic imbalance of the sort sufficient to avoid contracts of all types. *See Rodriguez de Quijas v. Shearson/American Exp., Inc.*, 490 U.S. 477, 109 S.Ct. 1917, 1921, 104 L.Ed.2d 526 (1989). But plaintiffs have failed to argue the occurrence of fraud here, and while we note that they have claimed the existence of "overweening bargaining power," *see* Opposition (docket entry 13), at p. 4, which when they further explain transforms into their contention that the Retailer Agreements constituted contracts of adhesion, they have failed to make a showing that defendant in fact incurred in oppressive conduct. The bottom line is that the FAA "allows the court to give relief where the party opposing arbitration presents '*well-supported* claims that the agreement to arbitrate resulted from the sort of fraud or overwhelming economic power that would provide grounds for the revocation of any contract.'" *Id., quoting Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth*, 473 U.S. 614, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985) (emphasis ours). But as plaintiffs have failed to make that well-supported showing here, their challenge to the arbitration clause contained in the Retailer Agreements must fail.

Plaintiffs sustain, however, that even if the arbitration clause is enforced, their claims of antitrust violations and unfair competition should not be referred to arbitration as they did not arise out or relate to the Retailer Agreements. We do not agree. At the outset, we note that there is not a *per se* rule banning the referral to arbitration of alleged violations to the federal antitrust laws. *Seacoast Motors v. DaimlerChrysler Motors*, 271 F.3d 6, 10–11 (1st Cir.2001). The specific language of the Retailer Agreements at issue here provided for mediation and arbitration of "[a]ny controversy or claim arising out of or relating to th[e] Agreement (including, without limitation, the interpretation of contract language, the applicable law, the breach, termination or renewal thereof)...." It appears plainly evident from a review of plaintiffs' complaint, and specifically of those allegations related to their antitrust and unfair competition claims, *see* Complaint (docket entry 1), pp. 3–7, that these disputes arise out or relate to the interpretation of the Agreements' language and/or to their breach, termination or renewal thereof. Thus, they are also covered by the broad language of the arbitration clause contained therein.

While section 3 of the FAA provides that if a suit is brought on an issue referable to arbitration under a written arbitration agreement the court shall stay the matter until the arbitration "has been had in accordance with the Agreement," *see* 9 U.S.C. § 3, it has been held that a court may dismiss, rather than stay, a case when all of the issues before the court are arbitrable. *See Bercovitch v. Baldwin School, Inc.*, 133 F.3d 141, 156 n. 21 (1st Cir.1998). Such is the case here. Accordingly, the Motion to Dismiss filed by Telecorp on August 25, 2003 (**docket entry 3**) is hereby GRANTED. Judgment shall be entered by separate order DISMISSING this action and referring all the claims raised in the complaint to arbitration.

SO ORDERED.

### JUDGMENT

Pursuant to the Opinion and Order entered on this same date, judgment is hereby entered DISMISSING this action and referring all the claims raised in the complaint to arbitration.

SO ORDERED AND ADJUDGED.